Case 2:05-mc-02025 Document 289 Filed 03/05/18 Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON MAURICE BROWN, | Case No. 2:18-CV- |
| Plaintiff, | J. |
| vs. | **CIVIL COMPLAINT** |
| PHILIPS RESPIRONICS, | |
| Defendant. | |

## COMPLAINT IN CIVI0L ACTION

AND NOW comes the Plaintiff, by and through his trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint, based upon the following.

## I. PARTIES

1. The Plaintiff is Byron Maurice Brown ("Brown") who resides at 1017 Hancock Ave. Vandergrift. PA 15690.

2. The Defendant is Philips Respironics ("Philips") that has a principal place of business located at 1010 Murry Ridge Ln, Murrysville PA 15668.

## II. JURISDICTION

3. This Court has jurisdiction over this case pursuant to Title 42 U.S.C. § 1981 for Continuing Race Discrimination in employment.

## III. FACTS

4. Brown is a black adult male, over the age of forty-five (45).

5. Brown began his employment with Respironics in 2003 as an Assembler in Murrysville.

Case 2:05-mc-02025 Document 289 Filed 03/05/18 Page 2 of 5

6. An Assembler manufactures the products that Respironics sells.

7. In 2005, Brown was promoted to a Resolution Specialist position in Youngwood, Pennsylvania.

8. Phillips purchased Respironics in 2008.

9. In 2008, Brown was involuntarily transferred to the import/export analyst position without receiving a raise in pay.

10. In March 25, 2014, Brown complained to Human Resources Director, Enrique Gallegos ("Gallegos"), about "race Discrimination" and "racist emails" and being referred to as a "Nigger" and "Coon" and provided additional details.

11. Gallegos promised a transfer that did not occur.

12. In 2016, Brown and co-workers merged with Philips in Mt. Pleasant, Pennsylvania.

13. In 2016, Brown verbally complained to Human Resources Representative, Kate Punder ("Pudner") and requested a transfer.

14. Brown was not transferred.

15. On January 9, 2017, Brown met with Pudner about "Race Discrimination" and shared an email he drafted to be sent up the Human Resources Department chain.

16. Brown again requested a transfer.

17. Pudner said she is sorry this happened and that she needed to investigate it.

18. On January 10, 2018, Brown sent the email which detailed many examples of racial harassment and being denied opportunities because of race.

19. The email complains about an ongoing "hostile" situation that includes, but is not limited to, the following:

   a. 17 racist emails;

Case 2:05-mc-02025 Document 289 Filed 09/05/18 Page 3 of 5

   b. Brown being singled out and being described as a member of a "protected group" during a "respect in the workplace" class;

   c. Supervisor, James Murray ("Murray"), telling Brown that Vendors referred to Brown as a "nigger" and "coon;"

   d. Brown being denied over 25 positions in 9 years although he qualified for the positions sought.

20. Phillips took no corrective action in response to his email and allegations.

21. Brown's present direct supervisor is Tuigg McMullen ("McMullen").

22. On or about February 26, 2018, McMullen told Brown in front of Brown's UK counterpart, Stewart Elrick ("Elrick"), that Brown "robbed" his friends years ago, which is false and is racially derogatory.

23. Despite McMullen's comments, Brown continues to receive positive performance reviews and has not been disciplined.

24. However, Brown continues to be denied sought positions and suffers racially harassing comments.

25. Plaintiff prays for an end to the discrimination, a judgment in his favor, and all available relief.

### COUNT 1: RACE DISCRIMINATION:

### Hostile Work Environment

26. Plaintiff is black.

27. Plaintiff has continually received racially derogatory comments, both written and verbal, from co-workers, supervisors and vendors that have gone uncorrected for many years.

28. The harassment is pervasive and continuing and uncorrected.

29. Plaintiff has routinely informed Human Resources of the harassment and Human Resources has taken no corrective action.

30. Plaintiff requests a Judgment in his favor, compensatory and punitive damages, for an uncorrected hostile work environment all costs and fees and attorney fees.

## COUNT 2: RACE DISCRIMINATION

### Denied Positions and Opportunities

31. Plaintiff repeats all prior allegations herein.

32. Plaintiff has applied for well over twenty-five (25) positions that he was qualified for in nine (9) years.

33. The positions mainly were in the logistics supply chain.

34. One (1) position was in Georgia as Brown was willing to relocate.

35. Plaintiff received interviews for approximately six (6) positions but was not offered any of them.

36. Plaintiff sought these opportunities to escape uncorrected racial harassment.

37. Plaintiff was even denied an entry level position, because he allegedly had no experience.

38. Plaintiff has also been denied an equal opportunity to compete for positions not posted, such as the Logistics Manager position was which given to Tuigg on or about January 4, 2018 without being posted.

39. Plaintiff requests a Judgment in his favor, compensatory and punitive damages, all costs and fees and attorney fees.

WHEREFORE Plaintiffs prays for a judgment against the Defendant.

4

**JURY TRIAL DEMANDED**

Respectfully submitted,

ERIK M. YURKOVICH, ESQ.
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199
erik.yurkovich@gmail.com